IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Pamela Joy Thompson,	Chapter 13

　　　　　Debtor.	Case No. 13-11527

MEMORANDUM DECISION

Pamela Joy Thompson filed a Chapter 13 petition and a proposed plan on May 6, 2010. The plan was confirmed on July 19, 2010 and modified several times thereafter. The court dismissed the case on February 27, 2013, for failure to make plan payments. The debtor filed the present Chapter 13 case on April 2, 2013. On July 12, the debtor filed an amended plan which was confirmed on August 9.

On October 2, the debtor objected to claim number 8 (the "claim") of Wisconsin Department of Revenue (the "department"). The department's claim was for prepetition delinquent state income tax in the amount of $32,410.57. The claim includes $6,066.50 in secured income taxes, $24,269.19 in unsecured priority income taxes, and $2,074.88 in general unsecured penalties.

The debtor's objection stated that the tax returns for years 2006, 2007, 2008, and 2009 have been on file with the department for more than three years from the petition date. Pursuant to § 507(a)(8)(A)(i), the department has a priority claim for taxes for which the tax return was due within three years before the taxpayer files for bankruptcy. The debtor's 2007 state income tax return was due on April 15, 2008. The debtor first filed for a chapter 13 on May 6, 2010 which is 2 years and 21 days after the debtor's 2007 state income tax return was due. The

1

debtor's second voluntary petition was filed on April 2, 2013 which is 35 days after the prior bankruptcy was dismissed. The department argues that as a result of the tolling of the prior bankruptcy, the department's income tax claim for 2007, 2008, 2009, 2010, and 2011 is well within the three year "lookback" period.

The debtor's 2006 tax return is not at issue here because the department claims to have a secured tax claim on the debtor's property. Only the debtor's 2007, 2008, and 2009 taxes are at issue.

Under the Bankruptcy Code, the department has a priority claim for taxes:

> (i)    for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

11 U.S.C. § 507(a)(8)(A)(i). Under § 523(a)(1)(A), such claims are not dischargeable in bankruptcy. An unnumbered tolling provision found at the end of § 507(a)(8) states:

> An otherwise applicable time period specified in this paragraph shall be suspended for any period during which a governmental unit is prohibited under applicable nonbankruptcy law from collecting a tax as a result of a request by the debtor for a hearing and an appeal of any collection action taken or proposed against the debtor, plus 90 days; plus any time during which the stay of proceedings was in effect in a prior case under this title or during which collection was precluded by the existence of 1 or more confirmed plans under this title, plus 90 days.

This section codifies *Young v. United States*, 535 U.S. 43 (2002), in which the Supreme Court clearly stated that the three-year lookback period is tolled during the pendency of a prior bankruptcy case.

The three-year period runs from the date that the return, if required, was last due rather than from the end of the tax year. See § 507(a)(8)(A)(i). In *Young*, the debtors filed their 1992 tax return on October 15, 1993 (they had requested an extension), and the IRS assessed the return on January 3, 1994. The court stated: "The lookback period commences on the date the return for

2

the tax debt 'is last due,' § 507(a)(8)(A)(i), not on the date the IRS discovers or assesses the unpaid tax." 535 U.S. 43 at 48. In *Young*, the petitioners had argued that "the lookback period is a substantive component of the Bankruptcy Code, not a procedural limitations period," and, thus, the three year lookback period should run from the date the IRS assesses the tax, not from the date the return is due. *Id*. The Court disagreed: "[T]he lookback is not distinctively 'substantive' merely because it commences on a date that may precede the date when the IRS discovers its claim. There is nothing unusual about a statute of limitations that commences when the claimant has a complete and present cause of action, whether or not he is aware of it." Thus, the lookback period commences on the date the return for the tax debt "is last due" regardless of when the IRS assesses the tax.

The debtor's 2007 tax return was last due on April 15, 2008. The debtor filed her first bankruptcy petition on May 6, 2010 - two years and 21 days after her 2007 tax return was last due. This period is tolled with the 35 days between the time the first bankruptcy case was dismissed and the second bankruptcy petition was filed (the debtor's second voluntary petition was filed on April 2, 2013 and the prior bankruptcy was dismissed on February 27, 2013), for a total of 2 years and 56 days. This is within the three year "lookback" period. Thus, the department has a valid priority tax claim for 2007, 2008, and 2009.

It may be so ordered.

Dated: December 16, 2013

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE